**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4715**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

          versus

TROY GILLIAM,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (2:05-cr-00031-FL)

_____

Submitted:  March 29, 2007          Decided:  April 3, 2007

_____

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Gilliam appeals his jury conviction and fifty-seven month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Gilliam asserts there was insufficient evidence to support his conviction. We affirm.

To determine if there was sufficient evidence to support a conviction, this Court considers whether taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilty beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). We review both the direct and circumstantial evidence and permit "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Gilliam maintains that without his alleged statement, there is not sufficient evidence to establish his possession of the gun found in the car in which he was a passenger. Gilliam further asserts that the officers who reported that Gilliam admitted the

gun was his were not credible because their reports could not be corroborated.

Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Possession "may be established by direct or circumstantial evidence." Id.; United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). The gun in question was found where Gilliam was seated in the car. He therefore had the power to exercise dominion and control over it. The Government relied on Gilliam's alleged statement identifying the gun as his to establish possession. An attack on witness credibility is not reviewable on appeal. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The jury found the officer's testimony credible and convicted Gilliam accordingly. We find, viewing all of the evidence in the light most favorable to the Government, that there was sufficient evidence for the jury to convict Gilliam.

Accordingly, we affirm Gilliam's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED